21 F.3d 428
 91 Ed. Law Rep. 30
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virginia KAUFFMAN, Plaintiff-Appellant,
v.
KENT STATE UNIVERSITY, et al., Defendants-Appellees.
 No. 93-3302.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1994.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Virginia Kauffman appeals an award of summary judgment to defendant Kent State University in this employment discrimination action. Plaintiff alleges two actions taken by defendant violated the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-634 ("ADEA"): the University's failure to promote her to the position of office manager; and its decision to transfer her from the Central Office to another department. For the reasons stated below, we AFFIRM the district court's grant of summary judgment in favor of defendant.[1]
 
 I.
 
 2
 Defendant Kent State University hired Kauffman in 1979, to fill the position of Clerk I in the Department of Physical Plant Services. At the time she was hired, Kauffman was fifty years old. In 1982, Kauffman, at age fifty-four, was promoted to Clerk II. Kauffman's supervisor and the officer manager, Virginia Eustice, retired in 1989, and it is the defendant's conduct during the replacement process that is at issue regarding the first claim.
 
 
 3
 Plaintiff claims that she was qualified for the position and that she would have applied for the position had it been posted and advertised. The defendant maintains that Chester Williams, Department Head of Physical Plant Services, hired Ann Metham, plaintiff's coworker in the Physical Plant Central Office, to fill the position of office manager after he requested and received approval from the Office of Affirmative Action for a waiver.[2] At the time Metham was promoted, she was under the age of 40. After Metham's promotion, Kauffman continued in her position of Clerk II at the Central Office.
 
 
 4
 The facts relevant to plaintiff's second claim occurred in May of 1990, when Kauffman was assigned to a different location, the Heating Plant. Plaintiff contends that she was transferred because of her age but admits that she retained her job classification as Clerk II and her same rate of pay. Kauffman nevertheless contends that the lateral transfer was to a less desirable position.
 
 
 5
 Plaintiff appeals the award of summary judgment on two grounds: (1) that the district court erred in finding that the plaintiff failed to rebut the defendant's legitimate nondiscriminatory reason for failing to promote the plaintiff to the position of office manager; and (2) that the district court erred, as a matter of law, in holding plaintiff's lateral transfer was not an adverse employment action.
 
 II.
 
 6
 We uphold the grant of summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 To establish a prima facie case under the ADEA, Kauffman must establish: (1) that she belonged to the protected class, in this case that she was between the ages of 40 and 65; (2) that her employer subjected her to an adverse employment decision, in this case the failure to promote her and the decision to transfer her; (3) that her qualifications did not disqualify her from the position she was seeking; and (4) that she was replaced by a person not a member of the protected class. Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 313 (6th Cir.1989).
 
 
 8
 The plaintiff bears the burden of proving a prima facie case of employment discrimination. Once the plaintiff meets his burden, the defendant may "articulate some legitimate, nondiscriminatory reason for the employee's rejection." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The plaintiff then has the opportunity to rebut any legitimate reason offered by the defendant. Id., at 804.
 
 A. Failure to Promote
 
 9
 The district court determined that Kauffman established a prima facie case of age discrimination with regard to the defendant's failure to promote her to the office manager position. Plaintiff contends, however, that the district court erred in ruling that she failed to rebut defendant's legitimate nondiscriminatory reason for promoting Metham, and not her, to the position of office manager.
 
 
 10
 Although Williams testified in deposition that Metham was promoted because she alone had the qualifications for the position, the district court found and the record supports that Kauffman met the minimum qualifications for the position of office manager. Plaintiff had filled in as office manager on two occasions. Nevertheless, defendant's contention that Metham's qualifications were superior to Kauffman's is also supported by the record. Borom stated that at the time he granted William's request for a waiver, he reviewed the qualifications of the existing employees in the Central Office at the Department of Physical Plant Services. Borom testified that Kauffman had not passed the typist test but Metham had; that Kauffman was a clerk whereas Metham was a clerical specialist;[3] and that he concluded that the person with the higher level of skill had to be the office manager. Borom decided that Metham's skills were better suited to the position of office manager. Accordingly, he granted Williams the requested waiver.
 
 
 11
 The district court found that this evidence constituted a legitimate business reason for not promoting Kauffman.[4] We agree. Therefore, we address the evidence offered by plaintiff to rebut defendant's legitimate reason.
 
 
 12
 In rebuttal, plaintiff did not protest the assessment of Metham's qualifications but attempted to establish the existence of a discriminatory reason for defendant's failure to promote her through the affidavits of two coworkers. Janice Burke, a coworker hired after Metham was promoted, stated that Williams and Metham told her that "the older lady in the Department was resistive to change" and that Burke should not associate with her. Because Burke became employed after Metham had already become office manager, the district court found that the statement lacked probative value as to William's motivation at the time of the promotion. We agree and additionally note that the age remark goes to identification, not discrimination. This isolated and innocuous mention of age does not support a finding of pretext. See Chappell v. GTE Prods. Corp., 803 F.2d 261, 268 (6th Cir.1986), cert. denied, 480 U.S. 919 (1987).
 
 
 13
 The second coworker, Darla Spellman, stated that Williams and Metham told her not to train Kauffman on the computer. From this remark, Spellman surmised that Williams and Metham believed that plaintiff was too old to learn to use a computer. Spellman also stated that Metham was openly rude to plaintiff. Plaintiff's argument that the statements attributed to Williams and Metham regarding computer training create an inference of age discrimination requires the court to go beyond the parameters of inference-drawing into the realm of speculation and imagination. This comment does not support the conclusion drawn by Spellman that Williams believed Kauffman was too old to learn. Mitchell v. Toledo Hospital, 964 F.2d 577, 584 (6th Cir.1992) (affidavits containing conclusory allegations and subjective beliefs are insufficient evidence to establish a claim of discrimination as a matter of law). Nor will we equate rudeness with age discrimination. Accordingly, we find that Kauffman presented insufficient evidence to rebut defendant's legitimate reason for promoting Metham rather than Kauffman and affirm the district court's grant of summary judgment on this claim.
 
 B. Lateral Transfer
 
 14
 As to her second claim, plaintiff contends that the district court erred in holding she did not meet her burden of establishing a prima facie case of age discrimination because she suffered no adverse employment decision. She argues that her intradepartmental transfer to the Heating Plant constituted an adverse employment action because her responsibilities were decreased, and because her promotional opportunities were curtailed in that there is no office manager position at the Heating Plant. According to plaintiff, the absence of an officer manager position is disadvantageous in that she can no longer earn extra income by filling in as office manager, as was possible in the Central Office. On two occasions during Kauffman's approximately ten-year tenure in the Central Office, she filled in for the office manager.
 
 
 15
 The district court evaluated the transfer under a constructive discharge standard. Under this standard, a lateral transfer is actionable as an adverse employment action provided the conditions are objectively intolerable to a reasonable person. Darnell v. Campbell County Fiscal Court, 731 F.Supp. 1309 (E.D.Ky.1990), aff'd, 924 F.2d 1057 (6th Cir.1991) (table). To apply the standard, the court examines the transfer position to determine whether it is so intolerable to a reasonable person that it amounted to a constructive discharge. Id. Among those factors relevant to the assessment are: decrease in salary, grade level or benefits, and change in job duties or responsibilities. Id.
 
 
 16
 In Darnell, the plaintiff refused the lateral transfer, a transfer offered by defendant because the plaintiff's position was being terminated. Consequently, she lost her job. Here, Kauffman did not refuse the transfer or lose her job. Although her claim is more aptly characterized as a constructive "demotion" rather than a constructive "discharge," we find the same factors considered by the Darnell court are applicable in the assessment of this claim. The factual distinction between the plaintiff's refusal to accept the transfer in Darnell, and Kauffman's acceptance of the transfer is irrelevant to the assessment of liability.
 
 
 17
 Here, the district court correctly determined that the conditions of transfer did not constitute an adverse employment action. Not only were these conditions objectively tolerable, they were tolerable to Kauffman.
 
 
 18
 Kauffman offers the deposition of Janice L. Burke as support for her contention that the transfer to the Heating Plant resulted in conditions that were intolerable to a reasonable person. Burke states that there are fewer promotional opportunities but offers no basis for her opinion. Nor is there any evidence in the record to show that Kauffman could not be promoted in the Heating Plant or that a worker from the Heating Plant could not be promoted to office manager in the Central Office. Even if Burke is correct, the district court correctly held that the reduction in promotional opportunities is insufficient as a matter of law to overcome the cumulative weight of the other factors. See Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir.1989).
 
 
 19
 Kauffman's second complaint is that there is not enough work to keep her busy; however changes in responsibilities or job site that do not materially disadvantage an older employee are not actionable. Spring v. Sheboygan Area School Dist., 865 F.2d 883 (7th Cir.1989). Kauffman is not disadvantaged by a lightened work load.
 
 
 20
 Finally, plaintiff admitted in her deposition that she enjoyed working at the Heating Plant. Accordingly, we agree with the district court that Kauffman's lateral transfer does not constitute an adverse employment decision.
 
 
 21
 In sum, we find the district court's award of summary judgment to the defendant was proper and is AFFIRMED.
 
 
 
 [1]
 The court also granted summary judgment to defendants Chester Williams and Ann Metham, holding that they were not employers under the ADEA. Plaintiff does not appeal this holding
 
 
 [2]
 Raymond Borom, Director of the Office of Affirmative Action at the University, granted Williams a waiver so he did not have to post the position
 
 
 [3]
 Williams testified at deposition that Metham was classified as a Typist II at the time she was promoted. The actual classification is not material because classification indicates a higher skill level that a clerk classification
 
 
 [4]
 Additionally, the district court noted that at the time Kauffman was hired, Williams stated a preference for older employees, and that Kauffman received a promotion at the age of 54
 
 
 [5]
 Although Kauffman now claims she was forced to transfer, she wrote a letter which reads, "I wish to be transferred to the Heating Plant as you previously requested and feel the sooner the better." There is much made that the transfer was a punishment, and that Kauffman and her supervisor did not get along, however, this evidence is not indicative of age discrimination so much as a personality conflict. There is no evidence that the transfer was motivated by a discriminatory animus